FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LORENZO MOLINA-RASCON,

Defendant-Appellant.

No. 08-2023

(D. of N.M.)

(D.C. No. CR-07-1414-MCA)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Lorenzo Molina-Rascon pleaded guilty to unlawful entry by a deported

alien previously convicted of an aggravated felony. The district court sentenced

him to seventy months' imprisonment followed by two years of supervised

release. After Molina-Rascon filed a notice of appeal, his appointed counsel filed

an *Anders* brief and motion to withdraw. Molina-Rascon filed a pro se response

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

to the *Anders* brief arguing several errors at the plea and sentencing proceedings and ineffective assistance of counsel. He also filed a motion to terminate his attorney and appoint new counsel. The government declined to file a brief.

For the reasons set forth below, we discern no meritorious issues for appeal. We therefore GRANT the motion to withdraw, DENY the motion to appoint new counsel, and DISMISS the appeal.

## I. Background

In May 2007, the United States Border Patrol apprehended Molina-Rascon and arrested him after he admitted to being in the United States illegally. A records check revealed that he had been deported to Mexico in December 2006 after having been convicted of aggravated felony assault.

Molina-Rascon pleaded guilty to one count of unlawful reentry by a deported alien previously convicted of an aggravated felony, a violation of 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2). The Presentence Report (PSR) calculated a total offense level of 21 (a base offense level of 8, a 16-level enhancement because he was previously deported after being convicted of a felony that is a crime of violence, and a 3-level reduction for acceptance of responsibility) and a criminal history category of V (for a series of trespass, theft, assault, and driving-related crimes). This yielded a guideline range of 70–87 months.

Molina-Rascon raised three relevant objections to the criminal history section of his PSR. First, he argued he could not have pleaded guilty to the criminal trespass charges because he was not in court on the date specified in the PSR. Second, he argued the charges had been consolidated for a plea and the criminal history points should not be applied for both. Third, he argued that a misdemeanor shoplifting conviction in the PSR did not warrant a criminal history point because he was not represented by counsel.

The district court rejected each of these objections at the sentencing hearing. As to the first, the district court noted the United States Probation Office had produced state court documents concerning the criminal trespass charges, each bearing Molina-Rascon's signature on the date in question. As to the second objection, the court observed that prior sentences are counted separately under the United States Sentencing Guidelines (USSG) if, like here, the sentences were imposed for offenses separated by an intervening arrest. USSG § 4A1.2(a)(2).[1] And as to his third objection, the background to USSG § 4A1.2 provides that prior uncounseled misdemeanor sentences where imprisonment is not imposed, such as Molina-Rascon's fine for shoplifting, count toward the criminal history

---

[1] The PSR Addendum observed that revisions in the 2007 Guidelines Manual would not have counted these two convictions. The addendum noted, however, that these revisions would not have changed Molina-Rascon's criminal history score since these two points were never originally considered. *See* USSG § 4A1.1(c) (maximum of four such points can be counted altogether).

-3-

score.  The district court adopted the PSR's 70–87 month guideline range and later imposed a 70-month sentence.[2]

After Molina-Rascon appealed, his attorney filed an *Anders* brief.  Under *Anders v. California*, court-appointed defense counsel having made a "conscientious examination" of an appeal but finding it "wholly frivolous" may file a brief with the court requesting permission to withdraw.  386 U.S. 738, 744 (1967).  Counsel seeking to withdraw must inform the court of "anything in the record that might arguably support the appeal," and the defendant is given an opportunity to "raise any points that he chooses."  *Id.*  Then the court, "after a full examination of all the proceedings, . . . decide[s] whether the case is wholly frivolous."  *Id.*

In his *Anders* brief, counsel argues only that the 70-month sentence was procedurally unreasonable because the district court failed to adequately consider the 18 U.S.C. § 3553(a) factors.  Aplt Br. at 5–6.  Molina-Rascon's pro se response to the *Anders* brief raises three other arguments: (1) his guilty plea was invalid and counsel coached him to say "yes" in his plea colloquy with the court; (2) he never saw the PSR before sentencing as required by Federal Rule of Criminal Procedure 32; and (3) counsel provided ineffective assistance,

---

[2]  Neither Molina-Rascon nor his attorney argue on appeal that the district court erred in its adjudication of these objections.

particularly by failing to challenge the validity of the 16-level guideline enhancement for aggravated assault.[3]

*Anders* requires that we evaluate each of these arguments in light of the full record. 386 U.S. at 744.

## II. Analysis

### A. *Counsel's* Anders *Brief Argument*

Molina-Rascon's counsel asserts the record could support an argument that the 70-month sentence was procedurally unreasonable because the district court relied only on the Guidelines and failed to adequately consider other § 3553(a) factors. Aplt Br. at 5–6. We disagree.

A sentencing court is required to provide reasons for imposing a particular sentence. 18 U.S.C. § 3553(c); *see also Gall v. United States*, 128 S. Ct. 586, 597 (2007). "When a defendant makes a non-frivolous argument for a below-Guidelines sentence, but receives a within-Guidelines sentence, the district court must provide the appellate court with a record by which this court can discern whether the district court considered the applicable 18 U.S.C. § 3553(a) factors." *United States v. Traxler*, 477 F.3d 1243, 1249 (10th Cir. 2007).

---

[3] We have attempted to discern the various arguments in Molina-Rascon's pro se response and note that we give pro se responses solicitous consideration. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

After independently reviewing the record, we conclude the district court adequately considered the § 3553(a) factors in arriving at its sentence. Before sentencing, Molina-Rascon argued for a downward variance because his prior criminal acts were more like "nuisance[s]" and because he needed to care for his ill mother. R. Vol. IV at 6–7. In imposing its sentence, the district court noted the Guidelines are "advisory," emphasized Molina-Rascon's "very specific [violent] criminal history," rejected his caretaker argument, and found that a 70-month sentence "adequately serves to protect the public, . . . promotes respect for the law, . . . takes into account his history and characteristics, . . . reflects the seriousness of the offense and . . . provide[s] adequate deterren[ce]." R. Vol. IV at 8.

Nothing in the record indicates the district court's sentencing determination was procedurally unreasonable for failure to consider the § 3553(a) factors.

*B. Pro Se Arguments*

Molina-Rascon argues first that his guilty plea was invalid and that his counsel coached him to say "yes" in his plea colloquy with the court.

A valid guilty plea must be knowingly, intelligently, and voluntarily made. *See Brady v. United States*, 397 U.S. 742, 748 (1970); *United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998); Fed. R. Crim. P. 11. Molina-Rascon entered his guilty plea knowingly and voluntarily: the record indicates he understood his plea, pleaded without coercion, understood the maximum possible sentence,

understood his waiver of certain constitutional rights, and agreed that the recitation of the facts was correct. R. Vol. III at 5–8. Other than the bare allegation his attorney improperly coached him, Molina-Rascon has failed to put forward any argument or evidence that would place the validity of the plea in doubt. Any appeal on these grounds would therefore be meritless.

Molina-Rascon's second pro se argument is that he did not review the PSR at least 35 days before sentencing as required by Federal Rule of Criminal Procedure 32(e)(2). The 35-day required notice, however, is easily established here. The sentencing hearing was held on January 15, 2008. Not only did Molina-Rascon's attorney indicate he reviewed the PSR with his client on November 9, 2007, but he also filed specific objections to the PSR criminal history calculations on November 26, 2007.[4] Molina-Rascon does not explain how counsel could have made the specific objections that he did without first having reviewed the PSR with his client. Any appeal on these grounds is therefore without merit.

Molina-Rascon's third argument is that counsel provided ineffective assistance in numerous ways, but particularly in failing to challenge the validity of the 16-level guideline enhancement for aggravated assault.

---

[4] These objections were detailed in Part I (Background).

We have previously held that ineffective assistance of counsel claims should generally be pursued in collateral proceedings rather than on direct appeal. *See United States v. Brooks*, 438 F.3d 1231, 1242 (10th Cir. 2006). We will consider ineffective assistance of counsel claims on direct appeal only in the rare case where a fully developed factual record on the issue of ineffectiveness is already before this court. *United States v. Galloway*, 56 F.3d 1239, 1240–41 (10th Cir. 1995) (en banc); *United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005) (noting that "claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed") (citation omitted). In this case, we see no reason to depart from the general rule.[5]

### C. *Molina-Rascon's Motion to Appoint New Counsel*

Molina-Rascon also filed a motion to terminate his attorney and to appoint new counsel on the direct appeal. To the extent Molina-Rascon requests a new attorney based on his attorney's filing of an *Anders* brief, "we note that the mere filing of such a brief does not provide a defendant with the right to the appointment of a new attorney." *Delacruz-Soto*, 414 F.3d at 1168 n.6 (citing *Anders*, 386 U.S. at 744). Only if after a full examination of the appellate record the court finds "legal points arguable on their merits" must it "afford the indigent

---

[5] Even assuming that there is sufficient evidence on the record to challenge the 16-level crime of violence enhancement, we note that Molina-Rascon's conviction for aggravated assault is one of the offenses explicitly defined as a crime of violence under USSG § 2L1.2. Thus it is clear this claim has no merit.

the assistance of counsel to argue the appeal." *Id.* (quoting *Anders*, 386 U.S. at 744).  Because we find no legal points arguable on their merits here, we deny Molina-Rascon's motion for appointment of new counsel.

### III.  Conclusion

We have conducted a full examination of the record as required by *Anders* and conclude that Molina-Rascon's appeal is without merit.  Accordingly, we GRANT appellate counsel's request to withdraw, DENY appellant's motion for appointment of new counsel, and DISMISS the appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge